UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO.: 3:19-CV-00050-GNS

FADI FAKHRI, ET AL.                                                                    *PLAINTIFFS*

v.      **PLAINTIFFS' RESPONSE TO DEFENDANT HOGAN'S FIRST SET OF
        INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS**

LOUISVILLE-JEFFERSON COUNTY
METRO GOVERNMENT, ET AL.                                                               *DEFENDANTS*

***** ***** ***** *****

Comes the Plaintiff, by and through counsel, and hereby submits the following answers to Defendant Hogan's first set of interrogatories and request for production of documents:

## PRELIMINARY STATEMENT

Plaintiff files these Answers subject to, and without waiving:

(c)     the objections stated below with respect to attorney-client privilege, work-product doctrine, documents prepared in anticipation of litigation, exceeding the scope of Civil Rule 26, or any other grounds set forth;

(c)     her right to object to the use of the Answers for any purpose, in whole or in part, in any subsequent step or proceeding in this action or any other action; and

(c)     her right at any time to revise, correct, add to, or clarify any of the Answers made herein. The inadvertent disclosure of any privileged information shall not be deemed to be a waiver of any applicable privilege with respect to such information or any other information.

As to any instructions, Plaintiff states that she will comply with all duties and obligations outlined in the Federal Rules of Civil Procedure.

## INTERROGATORIES

1. List all persons who participated, directly or indirectly, in the process of responding to these Interrogatories and Request for Production of Documents, and for each state the name, title and/or position or relationship with the Plaintiff, and their address and telephone number.

**ANSWER:** Plaintiff objects to this Interrogatory as it seeks confidential, attorney-client privileged information and attorney work product. Without waiving her objection, Plaintiff states that the following individual provided answers to these interrogatories:

> Qaderyia Fadaam
> 28 Colonial Oaks Ct. #2
> Louisville, Kentucky 40214

2. If the Plaintiff, or anyone acting on the Plaintiff's behalf, has taken or received any statement, either oral or written, from any person with any information or knowledge relating to the events described in the Complaint, please identify the following as to each statement:

   a. the name, address, and job title of the person making the statement;
   b. the date of the statement;
   c. the content of the statement; and
   d. if the statement was or is in writing, please attach a copy or indicate where and when counsel may examine a copy of it.

**ANSWER:** To date, Ms. Fadaam, nor anyone acting on her behalf, has taken or received any statement, either oral or written, from any person with any information or knowledge relating to the events described in the Complaint. Plaintiff acknowledges a duty to supplement any time additional records information becomes available.

3. Please describe in detail everything that you remember from the morning of July 5, 2018. Include what you remember immediately after Mr. Salman was shot.

**ANSWER:** That day my two sons were away from home. My eldest son was at work, while my younger son was at school. That morning when my husband woke up, it seemed like there was something wrong with him. I could tell there was something wrong, so I asked him what was wrong, and he replied that he was okay. During this time, I was in the kitchen preparing lunch for us. He asked where my cellphone was and took it. He then pulled out his cellphone and called the police. No one on the phone could understand what he was saying because he was speaking in Arabic. Then he came over to me and told me that he was going to call the police to take him to jail and that if they don't come, I'm going to kill you. He had his phone and called the police; I don't know if they answered him if not. He told me, to come and tell them that if they don't come, that he was going to kill me. I told them to help him. He had a knife and he told the police that if the police don't come in 15 or 20 minutes, I will kill my wife. He told them that he wants to go back to Iraq. I was on the phone with the police, but they couldn't understand me, and I couldn't understand them. He threatened me with the kitchen knife. I saw that the door was locked in the apartment and I attempted to open the deadbolt lock on the door, but he pulled me back. So, I told him that the police are coming and to calm down and please don't kill me. He had been on the phone the entire time while everything was going on. And then I came to the window and pushed the screen in attempt to open the window, but he came after me and I told him please don't kill me for the sake of my children. I told him I didn't do anything why do you want to

kill me. Then, he was on the phone and I managed to run to the door open it and run outside in hopes to running to the office to tell them to help me. He ran after me out the door and I fell and hit my knees on the ground. When I was outside, people swarmed us. He then pulled me from my hair and told me to come here and attempted to take me back inside the apartment, but then let go. I screamed help to the people around us, but no one wanted to help. The people from the office came and told him that the police were on the way. We were by the window of the apartment. He was threatening the police on the phone. I was seated on the ground with my legs out toward the street. He was about five (5) feet away from me while I was sitting. He did not stomp on me at any point in time. He was agitated on the phone with the police the entire time. He had the knife in one hand and the phone in the other. He was just holding the knife while talking to the police on the phone. He only physically threatened me with the knife inside the apartment. When the police showed up, he was standing in the same spot when he was shot, I thought they shot in the air just as a way to scare him, but then he dropped so I ran to the police officer right afterwards. I do not know what happened after that. I just know the officer asked if I was okay and asked if I needed medical assistance, but I told them I was fine. They didn't tell me that they killed him.

4. Describe what you remember Mr. Salman doing with the knife in his hand when you were outside the apartment, including at the time that he was shot.

**ANSWER:** See response #3.

5.  Describe how close Mr. Salman held the knife to you when you were outside the apartment on July 5, 2018.

**ANSWER:** See response #3.

6.  Describe in detail what you did immediately following Mr. Salman having been shot.

**ANSWER:** See response #3.

7.  State what, if anything, you believe Sergeant Hogan should have done differently upon arriving at the scene on July 5, 2018.

**ANSWER:** Not shoot my husband so quickly.

8.  Describe with specificity the acts or omissions of Sergeant Hogan that you allege breached his duty of care as alleged in the Complaint.

**ANSWER:** He shot my husband when he did not need to.

9.  With respect to the acts or omissions described in your Answer to Interrogatory No. 8, describe how you contend each separate act or omission led to the death of Mr. Salman.

**ANSWER:** He died from being shot twice.

10. Please describe with specificity the factual basis for the claim you have asserted in Count 1 of the Complaint, §1983 excessive force against Defendant Hogan.

**ANSWER:** Ms. Fadaam refers Defendant to all of the facts previously stated within the Complaint, as set out in detail.

11. Please describe with specificity the factual basis for the claims you have asserted in Count IV of the Complaint, State law Battery Causing Wrongful Death and Loss of Consortium.

**ANSWER:** Ms. Fadaam refers Defendant to all of the facts previously stated within the Complaint, as set out in detail.

12. Please describe with specificity the factual basis for the claim you have asserted in Count V of the Complaint, Negligence.

> **ANSWER:** Ms. Fadaam refers Defendant to all of the facts previously stated within the Complaint, as set out in detail.

13. Please describe with specificity the factual basis for the claim you have asserted in Count VI of the Complaint, Intentional or Negligent Infliction of Emotional Distress.

> **ANSWER:** Ms. Fadaam refers Defendant to all of the facts previously stated within the Complaint, as set out in detail.

14. List all of Mr. Salman's medical providers for the five (5) years prior to July 5, 2018.

> **ANSWER:** Due to language barrier issues, Ms. Fadaam is unsure of her husband's prior medical providers. Counsel is working with Mr. Salman's family to recover as many provider records as possible. No records have been received at this time but counsel will supplement when they become available.

15. Identify each expert witness you intend to call at the trial of this action and for each such expert state the following: (a) the subject matter upon which the expert is expected to testify; (b) state the substance of the facts and opinions to which the expert is expected to testify; and (c) summarize the grounds for each opinion.

> **ANSWER:** Plaintiff has not made such a determination at this time but will supplement once such a determination is made, in compliance with the Federal Rules of Civil Procedure and this Court's Orders.

16. Identify the name, address and phone number of each witness you intend to call at the trial of this action and state the subject matter(s) upon which each witness is expected to testify.

**ANSWER:** Plaintiff has not made such a determination at this time but will supplement once such a determination is made, in compliance with the Federal Rules of Civil Procedure and this Court's Orders.

17. State the name, address, telephone number, and place of employment of each person known by you or your counsel who may have any knowledge of the facts of this matter, without regard to whether you intend to call any such person as a witness at trial.

**ANSWER:** Plaintiff objects to this Interrogatory as it seeks confidential, attorney-client privileged information and attorney work product.

18. Please state the amount and type of damages you are claiming based on the allegations included in your Complaint and include the basis for each subset of your claimed damages.

**ANSWER:** Plaintiff has not made such a determination at this time but will supplement once such a determination is made, in compliance with the Federal Rules of Civil Procedure and this Court's Orders.

19. Please state what formal education, vocational training, specialized courses or other education or training Mr. Salman received during his lifetime including training received from any employer, and also identify by name and address all schools or other educational institutions he attended, identifying the grade level or degree achieved, the type of training received, and the date he received his training.

**ANSWER:** Mr. Salman received his educational training in Iraq and Ms. Fadaam is unaware of the exact locations and names of said institutions. It is believed that Mr. Salman completed high school. Ms. Fadaam is unaware of any higher education reached.

20. Please outline all sources of income Mr. Salman received in the five (5) years preceding his death. For each source, please identify: 1) the name of the party or entity employing or paying Mr. Salman, 2) the nature of the employment or payment, 3) the amount received, and 4) contact information for the party or entity employing or paying Mr. Salman.

**ANSWER:**

1) Mr. Salman receive Social Security Income.
2) Social Security payments
3) Ms. Fadaam does not recall the exact amount but believes it to be around $550.00 per month. Counsel acknowledges a duty to supplement once such information becomes available.
4) None.

21. Please identify all public benefits or subsidies that Mr. Salman received in the five (5) years preceding his death. For each benefit or subsidy, please identify both the agency awarding Mr. Salman the benefit or subsidy, the frequency with which Mr. Salman received the benefit or subsidy, and the amount received.

**ANSWER:** Mr. Salman receive Social Security Income. Ms. Fadaam does not recall the exact amount but believes it to be around $550.00 per month. Counsel acknowledges a duty to supplement once such information becomes available.

22. Please set forth in itemized form a summary of any and all payments or benefits that you have received, or which you are aware that others have received, from any source, on account of the death of Mr. Salman.

**ANSWER:** Ms. Fadaam has no knowledge of any payments or benefits received pursuant to Mr. Salman's death.

23. Please set forth your basis for claiming punitive damages in this matter.

**ANSWER:** The actions taken by the defendants are of the type that qualify plaintiffs, pursuant to law, to request punitive damages.

24. Please identify all documents you relied upon in answering the foregoing interrogatories and which contain information that refers to, relates to, or evidences any answers to or information contained in the foregoing interrogatories.

**ANSWER:** All documents relied on are documents provided by Defendants.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1. Produce all documents requested, identified, described or relied upon in the answers to the foregoing Interrogatories or which contain or relate to the information sought by those Interrogatories.

**RESPONSE:** All documents relied on are documents provided by Defendants.

2. Produce all audio or video recordings of any conversations and/or any written communications between Plaintiff and any employee, agent or representative of LMPD.

**RESPONSE:** Plaintiff is not aware of any such recordings.

3. Produce any and all 911 calls in your possession made by Mr. Salman or a member of his residence from any date.

**RESPONSE:** All known calls are those provided by Defendants. Plaintiff acknowledges a duty to supplement any time additional records become available.

4. Produce the MetroSafe911 recording that is referenced in Paragraph 36 of the Complaint wherein it is alleged that "Mr. Salman was holding the phone during the time in which he was shot, and other persons can be heard speaking in the background at various times."

**RESPONSE:** Said call is in the possession of the Defendants. Plaintiff acknowledges a duty to supplement any time additional records become available.

5. Produce all state and federal tax returns, W-2s, or any other proof of income of Mr. Salman for the five years preceding July 5, 2018.

**RESPONSE:** Ms. Fadaam does not believe that Mr. Salman filed any tax returns the five years preceding his death. Counsel acknowledges a duty to supplement should such information becomes available.

6. Produce all documents related to you, Mr. Salman, or your damages which have been prepared by or on behalf of any person you intend to call as an expert witness at the trial of this case.

**RESPONSE:** Plaintiff has not made such a determination at this time but will supplement once such a determination is made, in compliance with the Federal Rules of Civil Procedure and this Court's Orders.

7. Produce the curriculum vitae of persons you intend to call as an expert witness at the trial of this case.

**RESPONSE:** Plaintiff has not made such a determination at this time but will supplement once such a determination is made, in compliance with the Federal Rules of Civil Procedure and this Court's Orders.

# REQUESTS FOR ADMISSIONS

**REQUEST NO. 1**: Admit that a knife can be used as a deadly weapon.

    **RESPONSE:** Plaintiff does not have a sufficient base of knowledge or proper training to either admit or deny.

**REQUEST NO. 2:** Admit that the MetroSafe 911 operator was advised that Mr. Salman was holding a woman at knifepoint.

    **RESPONSE:** As the call in question was recorded, the exact language used by the operator is available to Defendant Hogan, thus there is no need for Plaintiff to admit or deny.

**REQUEST NO. 3:** Admit that MetroSafe 911 dispatch advised officers that Mr. Salman was carrying a knife.

    **RESPONSE:** As the call in question was recorded, the exact language used by the operator is available to Defendant Hogan, thus there is no need for Plaintiff to admit or deny.

**REQUEST NO. 4:** Admit that MetroSafe 911 dispatch advised officers that Mr. Salman had threatened to kill his wife if they did not arrive in 20 minutes.

    **RESPONSE:** As the call in question was recorded, the exact language used by the operator is available to Defendant Hogan, thus there is no need for Plaintiff to admit or deny.

**REQUEST NO. 5.:** Admit that Mr. Salman was holding a knife at the time that he was shot on July 5, 2018.

    **RESPONSE:** Plaintiff does not have a sufficient base of knowledge or proper training to either admit or deny. As described above, Plaintiff was not looking at Mr. Salman when the shooting occurred.

**REQUEST NO. 6:** Admit that Sergeant Hogan shouted "DROP THE KNIFE" before Mr. Salman was shot on July 5, 2018.

**RESPONSE:** Plaintiff does not have a sufficient base of knowledge or proper training to either admit or deny. Plaintiff was in a state of shock and does not accurately recall the exact language, if any, that was used by Defendant Hogan.

**REQUEST NO. 7:** Admit that Mr. Salman did not drop the knife before he was shot on July 5, 2018.

**RESPONSE:** Plaintiff does not have a sufficient base of knowledge or proper training to either admit or deny. As described above, Plaintiff was not looking at Mr. Salman when the shooting occurred.

**REQUEST NO. 8:** Admit that Mr. Salman had reason to know that Sergeant Hogan was a police officer on July 5, 2018.

**RESPONSE:** Plaintiff does not have a sufficient base of knowledge or proper training to either admit or deny. Based on the culture Mr. Salman was raised in and the non-traditional LMPD uniform Defendant HOGAN was wearing, Ms. Fadaam cannot make such a speculation.

Respectfully submitted,
  /s/ Ashlea N. Hellmann
  /s/ Maria A. Fernandez
Ashlea N. Hellmann
María A. Fernández
FERNANDEZ HAYNES & MOLONEY PLLC
401 West Main Street, Suite 1807
Louisville, Kentucky 40202
Phone: (502) 589-1001
Fax: (502) 589-7333
ahellmann@fhmlegal.com
mfernandez@fhmlegal.com
*Counsel for Ms. Fadaam*

## **CERTIFICATE**

This is to certify that a copy of the foregoing motion was served pursuant to FRCP to Susan Rivera, or her agent, on this the 9th day of March 2020.

      /s/ Ashlea N. Hellmann
      Ashlea N. Hellmann